UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FABER CANAVERAL RENTERIA,

Petitioner,

v.

MATTHEW PUTRA,

Respondent.

Case No. 1:26-cv-2370

Honorable Jane M. Beckering

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Orlando Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.13.)[1] In an Order entered on August 21, 2026, the Court directed Respondent to

[1] Petitioner has also filed a motion to expedite the Court's consideration of Petitioner's § 2241 petition. (ECF No. 2.) Because this Opinion and accompanying Judgment resolve this matter, Petitioner's motion (ECF No. 2) is moot.

show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondent filed his response and a recording of the June 11, 2026, bond hearing on August 26, 2026. (Resp., ECF No. 5; Recording of June 11, 2026, Bond Hearing, filed on Aug. 26, 2026.) Petitioner filed his reply on August 31, 2026. (Reply, ECF No. 7.)

## II. Factual Background

Petitioner is a native and citizen of Colombia. (Pet., ECF No. 1, PageID.3) Petitioner entered the United States without inspection in 2021. (Resp., ECF No. 5, PageID.56.) On or about November 2, 2021, Department of Homeland Security (DHS) agents encountered and arrested Petitioner. (Notice to Appear (NTA), ECF No. 5-1, PageID.70.) DHS placed Petitioner in removal proceedings by issuing Petitioner a form I-862 NTA, charging Petitioner with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (NTA, ECF No. 5-1, PageID.70.)

On November 15, 2025, officers with the Bradenton Police Department arrested Petitioner. (Probable Cause Affidavit, ECF No. 5-3, PageID.82.) Thereafter, on December 15, 2025, an Assistant State Attorney with the State of Florida charged Petitioner with Domestic Battery by Strangulation, alleging that Petitioner impeded "the normal breathing of circulation of the blood of [the victim] . . . so as to create a risk of or cause great bodily harm," a third-degree felony under Fla. Stat. § 784.41(2)(a). (Information, ECF No. 5-3, PageID.78.) Petitioner resolved the case when he entered a *nolo contendere* plea to a first-degree misdemeanor count of simple battery, a violation of Fla. Stat. § 784.03. (Pet., ECF No. 1, PageID.2.)

Petitioner was transferred to ICE custody on March 25, 2026. Thereafter, on June 11, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Immigration Judge Order, ECF No. 5-4, PageID.89.) At the conclusion of the June 11, 2026, hearing, the Immigration Judge, in a written order, denied Petitioner's request for bond, stating: "Danger to the community/Laken Riley Act/Flight Risk." (*Id.*)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Discussion

In Petitioner's § 2241 petition, Petitioner argues, *inter alia*, that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's bond hearing on June 11, 2026, and that the bond hearing "did not afford him a meaningful opportunity to present material evidence bearing directly on dangerousness and flight risk." (Pet., ECF No. 1, PageID.1; Reply, ECF No. 7, PageID118); *see Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof). Respondent counters Petitioner's arguments claiming, *inter alia*, that the Immigration Judge did not apply an unconstitutional burden of proof at the hearing. (Resp., ECF No. 5.)[2]

[2] Respondent also argues that Petitioner is subject to mandatory detention under § 1226(c) because of his "arrest and charge for domestic battery by strangulation." (Resp., ECF No. 5, PageID.59.)

Based on the record before the Court at this time, including the recording of the June 11, 2026, bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

**Conclusion**

For the reasons discussed above, the Court will dismiss the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: September 8, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge

---

Section 1226(c)(1)(E) provides, in relevant part, that "[t]he Attorney General shall take into custody any alien who . . . is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person . . ." 8 U.S.C. § 1226(c)(1)(E). Unlike § 1226(a), which allows for release on bond, § 1226(c) stipulates that release from detention is available "only if the [noncitizen] is released for witness-protection purposes." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (internal quotation marks and citations omitted). Here, there is nothing in the record to call into question Petitioner's 2025 charge of domestic battery by strangulation. If Petitioner believes that his detention does not fall within the scope of § 1226(c), he may request a "*Joseph* hearing" in Immigration Court. *See Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999); *see also* 8 C.F.R. § 1003.19(a). At such a hearing, Petitioner would have the opportunity to "avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the [Government] is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." *Jennings v. Rodriguez*, 583 U.S. 281, 289 n.1 (2018) (quoting *Demore v. Kim*, 538 U.S. 510, 514 n.3 (2003)).